UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| James Mars, # 264929, | ) C/A No. 4:09-2505-TLW-TER |
| Plaintiff, | ) |
| vs. | ) **Report and Recommendation** |
| Cecilia R. Reynolds, Warden Kershaw Correctional Institution; John Ozmint, Director of South Carolina Department of Corrections; in their personal and official duties, | ) |
| Defendants. | ) |

## *Background of this Case*

The plaintiff is an inmate at the Lee Correctional Institution. He was formerly confined at the Kershaw Correctional Institution during the relevant times in this case. The "lead" defendant is the Warden of the Kershaw Correctional Institution.[1] The second defendant, "John" Ozmint, is the Director of the South Carolina Department of Corrections. The above-captioned case is the first case filed by the plaintiff in the United States District Court for the District of South Carolina.

---

[1] The Kershaw Correctional Institution and the Town of Kershaw are located in Lancaster County, not Kershaw County. *See* 1977 S.C.Att'y.Gen'l.Op. No. 77-376 (Nov. 30, 1977) (noting that portions of the Town of Kershaw, then located in Kershaw County, would be annexed into Lancaster County), *reported at* 1977 S.C. AG LEXIS 68, 1977 WL 24713. Lancaster County is in the Rock Hill Division. 28 U.S.C. § 121(7).

1

The "STATEMENT OF CLAIM" portion of the § 1983 complaint reveals that this civil rights action arises out of hot coffee spilled upon the plaintiff on May 25, 2009, at the Kershaw Correctional Institution. The plaintiff alleges that he was "accidently splashed with boiling hot coffee" when someone "bumped into" him. The plaintiff states that the hot coffee "resulted in seriouse [*sic*] second and third degree burns causing an infection and scar." The plaintiff also alleges that "[t]he coffee in the cafeteria at Kershaw Corr. Inst. is kept at temperatures in excess of stated guidelines and rules for food service establishments."

The plaintiff indicates that he has named Warden Reynolds as a defendant because she is "in charge of all aspects" of the Kershaw Correctional Institution. Similarly, the plaintiff also indicates that he has named Director Ozmint as a defendant because he is "in charge" of "South Carolina Prisons[.]" In his prayer for relief, the plaintiff seeks $25,000 for "pain and suffering" and permanent disfigurement. The plaintiff also seeks reimbursement for court costs.

## *Discussion*

Under established local procedure in this judicial district, a careful review[2] has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983);

---

[2] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (DSC), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

2

*Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979) (recognizing the district court's authority to conduct an initial screening of any *pro se* filing);[3] *Loe v. Armistead*, 582 F.2d 1291 (4th Cir. 1978); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). The plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89 (2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Fine v. City of New York*, 529 F.2d 70, 74 (2nd Cir. 1975). Nonetheless, a plaintiff must plead factual content that allows the court to draw the reasonable inference that the defendant is plausibly liable, not merely possibly liable. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009), which is cited in *Silva v. Spencer*, No. 08-cv-1686-H (LSP), 2009 U.S. Dist. LEXIS 61467, 2009 WL 2160632 (S.D. Cal., July 17, 2009). Even under this less stringent standard, the § 1983 complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

The plaintiff acknowledges that the coffee spill on May 25, 2009, was the result of an accident when some "bumped into" him. The accident itself is not actionable pursuant to 42 U.S.C. § 1983 because negligence, in general, is not actionable under 42 U.S.C. § 1983 or under the *Bivens* doctrine. *See Daniels v. Williams*, 474 U.S. 327, 328-36 & n. 3 (1986); *Davidson v. Cannon*, 474

---

[3]*Boyce* has been held by some authorities to have been abrogated in part, on other grounds, by *Neitzke v. Williams*, 490 U.S. 319 (1989) (insofar as *Neitzke* establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").

U.S. 344, 345-48 (1986); and *Pink v. Lester*, 52 F.3d 73 (4th Cir. 1995) (applying *Daniels v. Williams*: "The district court properly held that *Daniels* bars an action under § 1983 for negligent conduct[.]"). Secondly, the *Bivens* doctrine and 42 U.S.C. § 1983 do not impose liability for violations of duties of care arising under state law. *DeShaney v. Winnebago County Department of Social Services*, 489 U.S. 189, 200-203 (1989).

Moreover, the two named defendants cannot be held liable for the actions of lower-level SCDC employees who worked in the cafeteria at the Kershaw Correctional Institution (*i.e.*, the persons who "set" the temperature on the coffee-maker there). *See Wilson v. Cooper*, 922 F. Supp. 1286, 1293 (N.D. Ill. 1996); and *Campo v. Keane*, 913 F. Supp. 814, 825 & n. 11 (S.D.N.Y. 1996). *See also Horton v. Marovich*, 925 F. Supp. 540, 543 (N.D. Ill. 1996) ("Thus, a plaintiff suing a government official in his individual capacity and therefore seeking to hold the official personally liable must show that the official personally caused or played a role in causing the deprivation of a federal right."); and *Smith v. Beasley*, Civil Action Nos. 0:07-1641-HFF-BM and 0:07-1642-HFF-BM, 2007 U.S.Dist. LEXIS 54010, 2007 WL 2156632, *2 (D.S.C., July 25, 2007) (adopting magistrate judge's Report and Recommendation, which cites *Horton v. Marovich*).

Moreover, the doctrine of vicarious liability and the doctrine of *respondeat superior* are not applicable in § 1983 actions. *Vinnedge v. Gibbs*, 550 F.2d 926, 927-929 & nn. 1-2 (4th Cir. 1977). Hence, vicarious liability may not be imposed upon the Warden of the Kershaw Correctional Institution or the Director of the South Carolina Department of Corrections for actions (or inactions) taken by SCDC kitchen staff at the Kershaw Correctional Institution.

The absence of any specific allegations relating to Warden Reynolds or Director Ozmint also forecloses any application of the limited "policy or custom" exception to the prohibition against

application of the doctrines of *respondeat superior* or vicarious liability in section 1983 cases. This limited exception to the prohibition against imposing liability in § 1983 cases under the doctrines of *respondeat superior* or vicarious liability has been enunciated in cases such as *Slakan v. Porter*, 737 F.2d 368, 370-75 (4th Cir. 1984). *See also Shaw v. Stroud*, 13 F.3d 791 (4th Cir. 1994). *Slakan v. Porter* and *Shaw v. Stroud* are not applicable in the case at bar.[4]

### *Recommendation*

Accordingly, it is recommended that the District Court dismiss the above-captioned case *without prejudice* and without issuance and service of process. *See Denton v. Hernandez*; *Neitzke v. Williams*; *Brown v. Briscoe*, 998 F.2d 201, 202-204 (4th Cir. 1993); 28 U.S.C. § 1915(e)(2)(B) [essentially a redesignation of "old" § 1915(d)]; and 28 U.S.C. § 1915A [as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal]. The plaintiff's attention is directed to the Notice on the next page.

November 16, 2009  
Florence, South Carolina

s/Thomas E. Rogers, III  
Thomas E. Rogers, III  
United States Magistrate Judge

---

[4]The plaintiff's answers on page 2 of the complaint reveal that the plaintiff has not filed a grievance with respect to the coffee spill. Although *Jones v. Bock*, 549 U.S. 199 (2007) (failure to exhaust is an affirmative defense and inmates are not required to specially plead or demonstrate exhaustion in their complaints), and cases such as *Anderson v. XYZ Correctional Health Services*, 407 F.3d 674, 683 (4th Cir. 2005) ("an inmate's failure to exhaust administrative remedies is an affirmative defense to be pleaded and proven by the defendant"), have restricted, upon initial review, dismissal of civil rights actions for failure to exhaust prison or jail remedies, it should be noted that *Jones v. Bock* concerned "mixed" civil rights claims. In other words, *Jones v. Bock* was a case which contained both exhausted and non-exhausted civil rights claims. The civil rights claims in the above-captioned case are not exhausted because no grievance was filed by the plaintiff.

## Notice of Right to File Objections to Report and Recommendation

The plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Court Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** In the absence of a timely filed objection, a district court judge need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in a waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); and *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).